Good morning. May it please the Court, I'm Denise Visponti, appearing on behalf of Victoria Fire & Casualty Company, Titan Auto Insurance, New Mexico and Nationwide Mutual Insurance Company, defendants in the lower court and appellants here. If I may, I would like to reserve four minutes. That'll be fine, just keep your time. That clock counts down, so when it gets to two, you want to start wrapping up? I will try to do so. All right. Okay. This case is about plaintiff wanting to have it both ways. On the one hand, plaintiff does not want to proceed in federal court. She does not want a defendant's notice of removal to stick, and so as a result, she has claimed that the amount in controversy is less than the required amount for federal jurisdiction. Ms. Visponti, let me just stop you for a second. Judge Reimer, can you hear Ms. Visponti all right? Excuse me, I have a delayed reaction because I have you on mute. Yes, I can, thank you. You have a very soft voice. I'll try to keep it up. Give us your best Corrue voice. But in other words, she's essentially saying the Class Action Fairness Act is not applicable because she's not seeking more than five million dollars. On the other hand, she's expressly reserved the right to, in fact, seek more than five million dollars, which, if true, would give the federal court jurisdiction. She cannot have it both ways. So the district courts seem to say, if I understood the district court correctly, that the parenthetical was too ambiguous to really affect her limitation on the jurisdictional amount. Why was that wrong? Well, if it's too vague, I guess I would respectfully disagree with the district court, because on the one hand, the plaintiff in one place says, I'm not seeking less than five million dollars, and on the other hand, in the last line of her complaint, says, but on the other hand, I am seeking potentially more. So that is inherently an ambiguity with respect to whether it's worth more than five million dollars, which plaintiff specifically reserved the right to seek, or whether it's worth less than five million dollars. And even the cases that say, if plaintiff is seeking less than five million dollars in order to, including the Loudermilk Court, in order to have the case moved back to state court, the plaintiff is precluded thereafter from seeking five million dollars in controversy, and seeking five million dollars by virtue of her allegations. She specifically disclaimed that very thing and said, no, I reserve the right to actually seek more than five million dollars. So if I understand your argument, you read that clause to mean, even though earlier in the complaint I said, not more than five, if the actual proof shows I'm entitled to more than five, then I want more than five. Of course. And so that gets you to proving by a preponderance that it is more than five, right? So if we agreed with you that the parenthetical detracts from the strict limit that we've required for the legal certainty standard, that still only gets you to the preponderance standard, correct? That is correct. It's not a certainty that the case would remain in federal court. And at that point, why shouldn't we, if you're right, remand so the district court can make a finding on that? Well, I think the district court has made a finding, and this is essentially said that regardless of what standard, defendants haven't met their burden because of the inherent ambiguities in the calculations. But what the district court did not do, and certainly didn't reference in its order, is look at the more than 12 million dollars in actual deductions from commission amounts which defendants submitted to the district court. And those aren't calculations, those aren't assumptions made by defendants with respect to who might be in the class, who might be out of the class, whether they work the entire time period. It simply was looking at the plaintiff's complaint, saying, what is she alleging? She's alleging that certain deductions from commissions were improper. Okay, let's take a look at the deductions and let's take a snapshot, let's take a one year period, 2008. We add them all up and we get in excess of 12 million dollars. So you're saying even if the district court were informed that it should have applied the preponderance standard, not the legal certainty standard, that wouldn't make a difference to the district court's determination? I mean, why shouldn't the district court have another opportunity to review that issue? If this court were to find that the district court only applied the legal certainty standard and should have another opportunity, then certainly. But it is defendants, defendants do submit that regardless of what standard even if you apply the heightened legal certainty standard to the proof that defendants submitted, summary judgment type proof that has not been challenged in any way, shape, or form by plaintiff, under penalty of perjury, actual calculations, it has absolutely no ambiguities, no assumptions whatsoever, and we have in excess of 12 million dollars. And that's exactly what Loudermilk requires. So even if we look at the higher legal certainty standard, which the district court clearly did, it failed to address or in any way look at and certainly in any way credit the more than 12 million dollars that was in controversy and that is in controversy by virtue of plaintiff's allegations. You know, there's also that the opposing side raises is the local controversy and discretionary abstention standard. And although that argument was made to the district court, it never reached that. And it seems like a very fact-specific issue. Should that be remanded to the district court? Let's say if we agreed with you on the first two points. Well, I think that while it may be a very fact-specific inquiry that clearly the district court did not engage in, it's not so specific and it's not so difficult because every single one of those exceptions that plaintiff attempts to rely on requires plaintiff to prove certain elements of those exceptions. And every single one of those exceptions requires a showing that the class members are residents of California. And if you look at the statute itself, it says are residents. So that requires an actual showing all of the case law interpreting that statutory language says she must do so by affirmative proof. And she failed to submit a single shred of proof. And the statute also says 28 USC 1332 D7 says that showing must be made, the residency requirement must be made at the time of the filing of the complaint. So plaintiff goes through this litany of allegations in her complaint that would purportedly show that the class members emanate or currently reside in California, but that's simply not the case. She cannot rely on allegations that talk about where they lived or where they may have worked during the time when they were employed, when four years later, there's absolutely not a single shred of proof as to the residency of anybody with the exception of plaintiff. And if you look at the complaint, she doesn't even reference the citizenship or the domicile of any of the class members. She absolutely has to do that. Failure to do that is disqualified. Help me with the practical realities of how a good lawyer would do that. As you read the statute, if the showing has to be made at the time the complaint is filed, then you must mean that it has to be contained by sufficient allegations in the complaint itself, right? No, that's incorrect. And as the Serrano Court and numerous other courts, even there's a Brewer Court out of the United States Supreme Court, say if you're going to rely on an exception to a statute, you must, by a preponderance of the evidence, show beyond reasonable doubt that the exception is in fact true. Okay, but I'm just asking the mechanics. It's a very practical question here because I'm trying to figure out how a good plaintiff's lawyer does that. We're talking about on the day the complaint is filed. We don't normally file declarations in support of complaints when we initiate the lawsuit. So procedurally, how does the district court resolve the claim of local controversy exception? Well, she's supposed to, the timing is as of the filing of the complaint. It's only when she raises the exception does she then have to submit the proof. Okay, so the complaint was filed and your argument is that there wasn't a specific allegation of citizenship or residency, it was the California-based officers or whatever. Then there's a challenge to the jurisdiction. And at that point, did they have the opportunity to present other evidence to support falling within the local controversy exception? They most certainly did. They had an opportunity when they filed their motion 30 days later. They had a full four and a half months between the time that they, five and a half months between the time that they filed their complaint and their reply brief was due, and four and a half months between the time they filed their motion to remand and the time that their reply was due. They knew they were relying on the exceptions when they submitted their motion. They failed to submit a single shred of evidence to support those exceptions. My question is, you filed supporting declarations with your motion showing entitlement to the exemption. That is correct, and that is what the case law suggests. That at any time, certainly prior to the hearing, a plaintiff has an opportunity to meet her burden. She's got- And you're not saying the district court couldn't consider that evidence, correct, in making its determination? You're saying it doesn't exist. I'm certainly not saying that the district court could not consider it. I'm saying plaintiff wholly failed to submit any evidence to meet any element of any of the three exceptions that she proposed to rely upon, so it had nothing to consider. For that reason, you want, as part of our resolution of the appeal, you want us to declare, you don't get another opportunity to go back on remand and show that. You want us to declare, as a matter of law, it's too late at this stage of the game. You had your opportunity. In essence, you forfeited it by not filing the supporting declarations, and therefore, we can declare that the exemption does not apply. Well- Is that what you're asking us to do? It is defendant's position that she certainly did have, the plaintiff certainly did have the opportunity. She has failed to- Counsel, you're not answering my question. It's a very, is that what you want us to do? Certainly. Okay. So let me ask you this. If we disagreed with you on that point, and it was remanded to the district court, and further evidence was developed, does that mean there would be another round of appeals from the district court? Would there be an opportunity, or would that be the last word, what the district court ruled? It's difficult to say in the abstract. Certainly, if the district court doesn't resolve the issue- So the district court, so it goes back with the local controversy exception. The district court, again, says, well, it applies, local controversy exception applies. So it remanded. Would there be an opportunity under the statute? Is there an opportunity for another appeal at that point? There would not be. So the district court, you're saying that the district court says the local controversy exception applies, sends the case back to state court. Well, then we're in state court. There's no opportunity to reappeal to this court. The only recourse, I argue, would be the U.S. Supreme Court. I don't know. I suppose you could try and get rid of mandamus, but I'm not sure how likely it would be that you could get that form of relief. Would you be willing to consider? Come back to me in six months and see where we are. I see that I have just a few minutes left, which I would like to reserve. All right, very well. Let's hear from the points. Barnes? May it please the court, I'm Kevin Barnes and I represent Rebecca Halp and the respondent's matter. It is the respondent's position that there are four reasons why the remand or the removal and this appeal should be denied. First is, this was a putative class action wage and hour case for California-based employees only. It was based upon California labor law and it is against a defendant who is a California entity. So is this, are you arguing the local, that you met the local controversy exception or are you challenging the standard, the preponderance standard and saying it really is legal certainty? I'm not understanding where your argument is going. Yeah, all of them. I mean, the court never got past the legal certainty and the failure to show that this complaint didn't specifically allege less than $5 million. And I didn't see in your brief, and I looked carefully, your explanation as to why that parenthetical didn't take the complaint out of the legal certainty category and into the preponderance. Well, it's our position that a plaintiff has specifically stated it is less than $5 million. But then the parenthetical, it says, unless it's determined from evidence that it's more. So, you know, how are we supposed to read that other than saying, I'm not limiting myself to that, to the, under the jurisdictional amount? Well, I mean, unless and until evidence presents itself that it is, we are specifically limiting ourself. And if it would help the court, the plaintiffs would stipulate that we're not seeking over $5 million. This is not a $5 million case. The real genesis of this case is whether they receive wages. And these are inside salespeople. And it goes to the entire lack of evidence from the defendant. And it's really not what you tell us, though, right? It's what the state court will do. So that's the problem with the complaint, is that it leaves the door open to more than the jurisdictional amount. Well, I'm willing on the record to stipulate that we're not seeking more than $5 million if that does assist the court. But we believe that the complaint specifically states that unless there's additional evidence, which, you know, we have no evidence at this time. We don't believe there's any evidence that will ever exist. And one of the issues is, what the defendant has done is they've presented three facts to show that the amount in controversy is over $5 million. They've stated that there are 311 sales agents. And again, it's important to note that that was on October 14th of 2010, one month after the complaint was filed. There's absolutely no evidence how many there were four years before the complaint, three years, or two years. They then state the total number of paid periods, and they state the total commissions. That is the extent of the evidence that they have to do the calculations. Well, the number of paid periods is fine, but this is an inside sales exemption case. These are sales agents. So the reality is, if these people make over 50% of total compensation and commission, there are no wages due. Some, and you do the test on a month-to-month basis. So we're going to have many months where individuals are paid proper. We may have some people who are paid proper the entire time. Well, we've said, and I guess it's in Lewis' case, that it's the amount in dispute. The defendant doesn't have to say, well, these are the unauthorized payments that we made. And so they've indicated, well, this is the amount in dispute. I'm also looking, which I don't think you referenced, on the illegal commission deductions. They say, these are all the deductions we made, which under Lewis they can do. They don't have to say, these are the improper deductions that we made. And they say it's more than $12 million. Why doesn't that just prove the over $5 million? The Loudermilk case is directly in point. It says the defendant's assumptions that every class member could claim the maximum statutory penalty is speculative. Okay, and again, going to the commissions. But you didn't give the district court any way to determine from that $12 million figure what we would deduct from that in order to determine what was legal and what was illegal under California labor law. And that was the problem that we faced in Lewis. An allegation that these charges were unauthorized, but the plaintiff couldn't tell us, out of all of the charges that had been imposed, which percentage were unauthorized. Yeah, I mean, you know, unfortunately and pleading, if I only use the word housed accounts and they use something else. If you actually look at that, the deduction on, it's the appellate record page 199. It's the deductions for various improper deductions including but not limited to housing accounts after charge backs. The deposition's been taken, and again, you can't put that in a complaint. But what is the illegal deduction? It's housed accounts. It's nothing more, it's nothing less. But, okay, but the district court, I mean, the problem is, I guess, is when this arises in the litigation, it comes right after the complaint is filed. And the case is removed to federal court under CAFA. And the district court has to make a determination, essentially, on the basis of the allegations of your complaint. And the defendants have come in and said, well, there's $12 million just in one year alone in deductions. And you can't tell the district court from what $12 million total, what amount should be deducted in order to determine what's legal and what's illegal. I agree with that. But the fact that there's $12 million in a deduction, they have not proven with specific facts that that is the evidence. But we said in Lewis that they don't have to, that in essence, if it's a preponderance of the evidence standard, that's enough to show what's in play, recognizing that at the end of the case, it may be a number less than $12 million. But at this point, we don't know whether it's somewhere between $5 million and $12 million, or it will always be less than $5 million. Yeah, it's plaintiff and appellant's position that they have the burden of proof, that they have to show with specific evidence, not with assumptions. But we rejected that argument in Lewis counsel, and that's now binding precedent on this panel. Okay, if the court does believe that the plaintiff has not shown that there was a less than $5 million, again, if it'll help this court that we would actually stipulate on the record that we will not seek $5 million, and we will not seek $75,000 per plaintiff, and if that doesn't, I would move to the next, the local controversy. On the local controversy, there is a case, the Chase versus Rite Aid. It's played exactly like the plaintiff's case in this particular fact. And what have we done in these? We've saved all California-based sales agents, okay? The Chase versus Rite Aid case, which is a CD Cal December 3, 2008 case, there were more than two-thirds of the members of the proposed class are California citizens, the court held, because the complaint alleged that the class is limited to California employees of defendant. That's exactly what we have done here, and there's numerous other cases that have gone through. We have- And whether that, it didn't specifically say that they lived in California, they were California employees, it just said California-based. Well, they're only people who work in California is what it means. This only applies to somebody who actually works in a California location. And again, as you've inquired earlier, we have no way, we don't have any way today to prove the residence. We have not been- Why is that? Because you're their counsel, right? That's the theory on which the case is brought. They're your clients, in effect. Well, they are, but it's a putative class action case. I don't have the class list yet, and so we do not have the individuals by name and by address. They know who it is. But I can tell you that the reality is, just as the Chase court found, that when you state California-based, I would bet you that 99% of these people are actually citizens of California. They come to work in California every day. This is not something where people work out of their house. They're California-based. They work in California employees. So you are also claiming the discretionary abstention, which requires no more than two-thirds. So that's mutually exclusive with your local controversy exception. Is that right? Either one. You can find it under either one. And on that, there are... Well, we can't if there's more than two-thirds, right? Well, there's six factors under the discretionary abstention. Number one, whether the claims asserted involve national or interstate commerce. They absolutely do not. And again, you have to meet all of its totalitarian circumstances. Number two, whether the claims asserted will be governed by laws of the state in which the action was originally filed or by laws of another state. This is all California-based law. Number three, where the class action has been played in a manner to seek to avoid federal jurisdiction. We've obviously done that. We've tried to limit the amount, and it's all under California law. Number four, whether the action was brought in a form with a distinct nexus with class members, the alleged harm, or the defendants. We're based on California-based employees, based on California law, and we have a California defendant. E, whether the number of citizens in the state in which the action was filed in all proposed classes is substantially larger than the number of citizens from another state. It does not have a two-thirds requirement. And again, what is the evidence? The evidence is California-based employees, and we aren't asking for employees from the other state. So what do we do with the language at the beginning, before you get into the factors? Which is, it authorized courts to decline to exercise jurisdiction over a class action which is greater than one-third, but less than two-thirds of the members are citizens of the state. If the court does not believe that one-third of the members of this class are California citizens... It says less than two-thirds, and you just said 99% of them are citizens. I've seen it, over one-third, but less than two-thirds. I have a hard time believing it really is less than two-thirds. When it's the discretionary abstention, I have a hard time fathoming that if it was actually 100% or 90%, that that would disqualify from it. Because when you look at all the factors, really the point is, in the totality of the circumstances, what court has the biggest interest in this? And I just have a hard time believing that less than two-thirds is actually specific, and if you're over two-thirds, that you don't qualify for that. That is plaintiff's position. And the final is, if there's been three years before, if one or more other class actions have been asserted for the same. Well, was there any declaration to that effect filed before the district court? Yeah, I did. I have a declaration myself. In which you conducted a search and you didn't find it. I did, and here's not the problem. Is that the one where you said, I have no reason to believe it's less than 100%? It was framed in a sort of non-declarative way. Because it's a declaration and... A non-declarative declaration? Well, I mean, I went to PACER. I did every search by every defendant, every Google search. For me to state, under penalty of perjury, I know there's not another one. To the best of my information and belief. Yeah, I mean, I did the best I could. And what they say is, well, it says that Eastwood is not. Well, Eastwood is the one who sought this removal. And so, you know, strike that. The other nationwide is who sought it. I went through and did everything I could to see if there was any cases. And I found that there wasn't. The defendant, in their own notice of related cases, which is the appellate record 156 through 161, they also state that there's no cases. In Southern California? In the Central District. Yeah, Central District. Not in all of California. The evidence is there is any. And if there was any, we would have a notice of related case. There is no evidence that there's ever been a notice of related case in this. And again, that's the idea. We have filed a complaint. We have done everything in our power to limit to $5 million. I specifically stated in the record, we will limit to $5 million. It's all about California law, about California employees. Not only is it under $5 million, not only is it a local controversy, the federal court really has no interest in this case. It is a state-born case. I'm curious, counsel, if we accept your stipulation, and I'm going to ask Ms. Visconti what her views are on your stipulation, how does that get enforced in the Superior Court? I mean, this is a stipulation that's made before a federal judicial panel, but what you really want to be is back in Los Angeles County Superior Court. How does the LA Superior Court know that you've now stipulated to no more than $5 million? I ordered a transcript of this proceeding, and it's a record, and I'm an officer of the court before a court, and I have stipulated on the record that plaintiff will not seek it. I can't imagine a more valid, enforceable stipulation, and I would find myself hard-pressed. Even if I was to try to get around it, there's no way I could. Okay. So, appreciate your time and attention. Thank you very much, counsel. Ms. Visconti, I think you have about four minutes left. The first thing you're going to ask me about is a stipulation? Run with it. Well, the challenge to that is that all the case law, beginning from 1938 is the earliest case I can recall, St. Paul Mercury, that says you have to adjudge the propriety of removal at the time the case was removed. So anything that the plaintiff attempts to do thereafter is essentially done in bad faith, or at least suggests that the complaint originally was filed in bad faith, but the complaint is to be adjudged at the time of removal, and clearly we've got an ambiguity in the complaint at the time of removal, and that's where you have to assess the propriety of removal, and not based on a stipulation by counsel. And if we agree with that, but we follow the suggestion that Judge Reimer raised about sending it back to Judge Real for a determination on a local controversy exception, your opponent gave us a number of factors that he thinks meets the statutory requirement. What's your response to that? Can't the district court make a determination on that basis? Well, the key to the problem with the exceptions was articulated quite well by counsel. He thinks, but his thoughts is not evidence. And the standard is he must demonstrate with actual evidence, two preponderance of the evidence, that it's more likely than not that the local controversy or the discretionary exception applies. And his problem is this. First of all, there is no evidence with respect to the citizenship of the plaintiff. And we've already covered that. But there are, for example, in the discretionary exemption, you've got to get, first of all, past the citizenship of the plaintiff class, and then you've got to demonstrate that all primary, I believe the term is all primary defendants, are residents of, I'm trying to find the language, all primary defendants are from California. He's alleging he thinks that Eastwood is from California. Eastwood, first of all, there's no evidence on the record as to the residency of Eastwood. But even if we assume for the sake of argument that Eastwood is from California, his problem is this. Eastwood sold all of its rights, all of its employees were gone from Eastwood. And as defendants presented the evidence to the district court, Eastwood, as of May 2007, so a few months into the statutory timeframe, Eastwood is gone from the picture. Number one. The second problem is that, therefore, all of the one-year and three-year statute of limitations claims against Eastwood are time-barred. So all he's left with, or all the plaintiff classes left with, arguably, are those individuals who were employed by Eastwood for a very short period of time. We estimate, we look at, or it appears to be nine months of a four-plus statutory period. They might be able to get restitution from Eastwood. Other than that, the three defendants, all of whom clearly are out-of-state defendants, all of whom are clearly absolutely diverse from the entire plaintiff class, if you accept counsel's assumption that all of them are from California, or 90% of them are from California, and all of them are primary defendants. Every single claim is against them. Arguably, none of the claims are time-barred. So 100% of the damages that the plaintiff class is seeking is going to come out of the three defendants who are out-of-state and have been proven to be...
judges: Rymer, Tallman, Ikuta, Cjj